[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2011
JOHN LEY
CLERK

No. 10-15850
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00065-SCB-AEP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICIA MARIE FOWLER,
a.k.a. Patty Fowler,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2011)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Patricia Marie Fowler appeals her conviction for intentionally causing damage to a protected computer. 18 U.S.C. § 1030(a)(5)(A), (c)(4)(B)(i). Fowler argues that the United States failed to prove that her offense involved a protected computer or caused a loss that exceeded $5,000. We affirm.

We review "de novo the denial of a motion for acquittal and the sufficiency of the evidence to sustain a conviction." United States v. Tampas, 493 F.3d 1291, 1297 (11th Cir. 2007). We view the evidence "in the light most favorable to the government and draw[] 'all reasonable inferences and credibility choices in favor of the jury's verdict.'" Id. at 1297–98 (quoting United States v. Evans, 344 F.3d 1131, 1134 (11th Cir. 2003)).

Substantial evidence supports the finding of the jury that Fowler "knowingly caused the transmission of a program, information, code, or command" that "intentionally cause[d] damage without authorization[] to a protected computer," 18 U.S.C. § 1030(a)(5)(A), which was "used in or affect[ed] interstate or foreign commerce or communication," id. § 1030(e)(2)(B). Fowler admitted to a federal agent that, after she was fired from her position as a system administrator for Suncoast Community Health Centers, she changed the password for the firewall. At trial, Bill Windham, a network system operator at Suncoast,

2

testified that, without access to the firewall, Suncoast could not control "activity inward" to their systems. Two officers of Suncoast, Brantz Roszel and Tom Brown, testified that Fowler also disabled all the administrator accounts, obstructed access to the domain controllers, disconnected backup systems, reformatted a hard drive on Roszel's computer, and transferred eight years of reports from Brown's computer into an obscure subdirectory on the company server. Fowler's interference with the computer system left Suncoast employees unable to exchange email or check email remotely. Fowler's misconduct also interrupted employees' ability to access patients' health records, verify patients' eligibility for Medicaid, or communicate with laboratories and outside healthcare agencies through the internet, which "is an instrumentality of interstate commerce," United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004).

Substantial evidence also supports the finding of the jury that Fowler's interference caused "loss to 1 or more persons during [a] 1-year period" that "aggregat[ed] at least $5,000 in value." 18 U.S.C. § 1030(c)(4)(A)(i)(I). Suncoast expended over $6,000 for Roszel, Brown, and Windham to "respond[] to [Fowler's] offense, conduct[] a damage assessment, and restor[e] the data, program, system, or information to its condition prior to the offense." Id. § 1030(e)(11). Roszel, Brown, and Windham testified that they were required to

3

access and reconfigure the administrator account, restore email and other normal computer functions for employees, assess and later replace the firewall, and recover administrative files. Suncoast also had further "cost[s] incurred" in paying Health Choice Network $3,941.27 to repair the computer system. Id. Victor Rodriguez, the director of technology operations at Health Choice, testified that he reset the administrator password for the Suncoast network, reconfigured its services to match the password, and investigated the interference with the Suncoast system. During his investigation, Rodriguez discovered that Fowler had established an employee account under the name "Peggie Davis" that contained full administrative rights and that Fowler could use after she was fired to access the Suncoast computer system.

We **AFFIRM** Fowler's conviction.